IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GWENDOLYN L., individually and on behalf of BRITTNEY G. and JEANETTE H., individually and on behalf of ANTOINE W. and LAW OFFICES OF DAVID J. BERNEY**     Plaintiffs, | : : : : : : : | **CIVIL ACTION** |
| v. | : : | No.: 12-cv-0051 |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,**     Defendant. | : : : | |

**M E M O R A N D U M**

**SITARSKI, M.J.**                                                                                               **June 10, 2014**

**I.   BACKGROUND**

This case arises out of two administrative actions that were brought by the parents of children with disabilities ("Plaintiffs") against the School District of Philadelphia ("Defendant") pursuant to, *inter alia*, the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA").  The administrative actions were settled under the resolution processes specified in 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 310.510.  As part of the resolution agreement, Defendant agreed to pay the Plaintiffs "reasonable attorney's fees and costs" incurred in litigating the administrative actions.  (Resolution Agreement, Am. Compl. Exh. B, ¶ 5, ECF No. 2). The agreement directed Defendant to submit payment within sixty days of receiving a detailed invoice from Plaintiffs.  (*Id.*)

Plaintiffs submitted its bill and supporting time sheets to Defendant on or about October 11, 2011.  (Am. Compl. ¶ 59, ECF No. 2).  When Plaintiffs' counsel did not hear back from

Defendant, he wrote to Defendant on two separate occasions to request the status of the payment. (*Id.* ¶¶ 60-61, ECF No. 2).  These inquiries went unanswered.  (*Id.* ¶ 63, ECF No. 2).  As a result, Plaintiffs commenced this federal action, alleging that Defendant's failure to pay reasonable attorney's fees and related costs, as agreed to in the resolution agreement, violated 20 U.S.C. § 1415(f)(1)(B),[1] and amounted to a breach of contract.  On February 19, 2013, the District Court entered an order resolving the attorney's fees that Defendant owed to Plaintiffs for attorney time incurred in the underlying administrative actions.  (ECF No. 24).

Plaintiffs then filed a motion for attorney's fees and costs incurred in litigating the instant federal action pursuant to Fed. R. Civ. P. 54(d) and 20 U.S.C. § 1415(i)(3)(B) and (C).  (ECF No. 25).  This matter has been referred to me for disposition.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## II.    LEGAL STANDARD

Section 1415 of the IDEA authorizes payment of attorney's fees and costs to "a prevailing party who is the parent of a child with a disability."[2]  20 U.S.C. § 1415(i)(3)(B) and (C).  The Third Circuit has explained that "[t]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable."[3]  *Rode v. Dellarciprete*, 892 F.2d 1177,

---

[1] 20 U.S.C. § 1415(f)(1)(B) sets forth, *inter alia*, procedures for a resolution session between the parents and the local agency, and states that any written settlement agreement that results from the resolution session is enforceable in federal district court.

[2] It is undisputed that Plaintiffs are "a prevailing party" for purposes of this motion.

[3] "[Third Circuit] case law construing what is a reasonable fee applies uniformly to all fee shifting statutes."  *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 677 (3d Cir. 2002) (internal quotation marks and citation omitted).

1183 (3d Cir. 1990). The fee petitioner must provide evidence "supporting the hours worked and rates claimed." *Id.*

The calculation of the appropriate amount of attorney's fees begins with the lodestar, which is the product of "the appropriate billing rate for the parties attorneys" multiplied by "the number of hours those attorneys reasonably expended on the action." *Interfaith Comty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005).

### III. DISCUSSION

#### A. Hourly Rates

Plaintiffs seek fees at the following rates for the four attorneys from the Law Offices of David J. Berney, P.C. who represented them in the present action: David J. Berney ($350 per hour), Megan Mahle ($285 per hour), Lawrence Lee Wentz ($270 per hour), and John Valantassis ($175 per hour). Defendant does not contest the hourly rates for Attorneys Berney or Wentz, but argues that Attorney Mahle's and Attorney Valantassis's rates should be reduced to $200 and $135 per hour, respectively.

In IDEA cases, like other areas of law in which fee-shifting is authorized, a reasonable hourly rate is calculated "based on rates prevailing in the community in which the action or proceedings arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); *see Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (explaining that, to determine a reasonable rate, the court must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). The party seeking fees "bears the

burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits, . . . that the requested hourly rates meet this standard." *Id.*; *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001). Pursuant to § 1415(i)(3)(F)(ii) of the IDEA, the Court shall reduce the amount of attorney's fees under this section "if the amount of the attorney's fees otherwise authorized to be awarded unreasonably exceeds [prevailing hourly rates in the community.]"

The best evidence of the reasonable rate for an attorney's time is the customary billing rate for clients, which creates a presumption of reasonableness. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Maldonado*, 256 F.3d at 184–85. In addition, the fee schedule established by Community Legal Services, Inc. ("CLS") "has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado*, 256 F.3d at 187.

### 1. Attorney Mahle

Plaintiffs contend that this Court should accept a rate of $285 per hour for Attorney Mahle based on the following factors: (1) Attorney Mahle has worked primarily in the area of civil legal services since she graduated from New York University School of Law in 2002; (2) the Law Offices of David J. Berney customarily bills its clients $285 to $300 per hour for Attorney Mahle's work; (3) Defendant agreed to pay fees at this rate for Attorney Mahle in a recent IDEA settlement; (4) Defendant stipulates to a $270-per-hour rate for Attorney Wentz in this case, and Attorney Wentz has less relevant experience than Attorney Mahle; (5) three

experienced civil rights/education law attorneys[4] have provided affidavits attesting that the proposed rate is well within the range of prevailing rates in the Philadelphia community for services by attorneys of reasonably comparable skill, experience, and reputation; (6) courts in this district have approved similar, and often greater, rates for attorneys with comparable experience; and (7) a 2010 National Law Journal Survey, the Updated/Adjusted Laffey Matrix, and the CLS Fee Schedule support the proposed rate for Attorney Mahle.  (Memo. of Law 8-20, ECF No. 25).

In response, Defendant argues that, although Attorney Mahle states in her affidavit that she has been practicing law since graduating from law school in 2002, she does not specify what she has been doing since that time, and has been on active status in Pennsylvania for only two years.  (Resp. 9-10, ECF No. 26).  For these reasons, Defendant argues that the Court should not attribute more than two-to-three years of experience to her, which places her in the range of $180 to $225 per hour on the CLS Schedule.  Defendant claims that a reasonable rate for Attorney Mahle is the middle of that range, $200 per hour.

The Court agrees with Defendant that Attorney Mahle's affidavit lacks enough specificity for the Court to confirm that her $285-per-hour rate is reasonable.  In her affidavit, Attorney Mahle explains that she graduated from law school in 2002, and, although admitted to

---

[4] In support of their fee petition, Plaintiffs submitted affidavits from attorneys Jennifer Clarke and Daniel Atkins.  (Mot. Exh. C & D, ECF No. 25).  In its response, Defendant contended that Daniel Atkins's affidavit was insufficient because nowhere does he state his own rates, or that he is familiar with reasonable hourly rates for special education attorneys in the Philadelphia or Eastern District of Pennsylvania community.  (Resp. 10-12, ECF No. 26).  As a result, Plaintiffs submitted with their Reply a supplemental affidavit from Attorney Atkins in which he addressed the omissions.  (Reply Exh. A, ECF No. 27).  Plaintiffs also provided an additional affidavit by Judith Gran, Esquire, who contends that $285 per hour is a reasonable rate for Attorney Mahle.  (*Id.* Exh. B, ECF No. 27).

the Pennsylvania Bar in 2006, she was inactive in Pennsylvania from 2007 to 2011, when she first worked for a legal services organization in Delaware, and then practiced in Massachusetts. (*Id.*)  She further explains that, since returning to Pennsylvania, she has worked with the Law Offices of David J. Berney and the Health, Education, and Legal Assistance Project.  (*Id.*)  Attorney Mahle does not provide any additional details about her practice between 2002 and 2007, or what type of work she was doing in Massachusetts, other than to say generally that she has been working in the area of civil legal services "since graduation" and has litigated "hundreds of matters, including special education cases, in a variety of forums over the past 10-plus years."  (Pet. Exh. F, ECF No. 25).

The Court finds that Attorney Mahle's affidavit does not make clear that she has been practicing law without interruption for the entire ten-and-a-half-year period for which she seeks credit, and does not sufficiently identify the types of law she practiced during that time.  While the Court is not persuaded by Defendant's unsupported contention that the experience Attorney Mahle accrued outside of Pennsylvania should be entirely discounted in determining a reasonable hourly rate for her work, the Court agrees that her affidavit lacks a sufficient level of specificity to support her requested rate.  The Court notes that Plaintiffs have submitted affidavits from experienced attorneys who attest that a rate of $285 per hour is reasonable for Attorney Mahle.  These affidavits similarly fail to clearly delineate the specifics of Attorney Mahle's experience since law school graduation in 2002.

For these reasons, the Court will reduce Attorney Mahle's rate to $255 per hour, the top of the CLS Schedule's range for attorneys with 6-to-10 years of experience.  *See* CLS Attorney Fees, available at: http://clsphila.org/about-cls/attorney-fees (last visited June 6, 2014).

### 2. Attorney Valantassis

Plaintiffs seek a rate of $175 per hour for Attorney Valantassis based on the following factors: (1) Attorney Valantassis was admitted to the Pennsylvania Bar in October 2012, and assisted the Law Offices of David J. Berney for six months with, among other matters, its special education practice; (2) the Law Offices of David J. Berney customarily billed its clients between $175 and $185 per hour for Attorney Valantassis's work; (3) two experienced education law attorneys[5] have provided affidavits attesting that the proposed rate is well within the range of prevailing rates in the Philadelphia community for services by attorneys of reasonably comparable skill, experience, and reputation; (4) courts in this district have approved greater rates for paralegals; and (5) a 2010 National Law Journal Survey, the Updated/Adjusted Laffey Matrix, and the CLS Fee Schedule support the proposed rate for Attorney Mahle.  (Memo. of Law 8-20, ECF No. 25).

Defendant argues that Attorney Valantassis's rate should be reduced because most of the work he performed on this case took place before he passed the bar exam; according to Defendant, a reasonable hourly rate for him is $135 per hour, which is the top of the CLS Schedule's range for law students. (Resp. 10, ECF No. 16).

The Third Circuit has directed courts to calculate hourly rates according to market rates at the time the fee petition was filed, not when the work was actually performed.  *Lanni v. New Jersey*, 259 F.3d 146, 150 (3d Cir. 2001); *see also, Phillips v. Phila. Housing Auth.*, 2005 WL 3488872, at *6 (E.D. Pa. Dec. 20, 2005) (applying CLS Schedule in effect at time fee petition

---

[5] Attorneys Jennifer Clarke and Jennifer Lowman attested that a rate of $175 per hour is reasonable for Attorney Valantassis.  (Pet. Exh. C and E, ECF No. 25).  *See* CLS Attorney Fees, available at: http://clsphila.org/about-cls/attorney-fees (last visited June 6, 2014).

was filed, rejecting argument that attorney's rate should be based on lower rate in version of CLS schedule in effect at the time the attorney performed the work).  Plaintiffs rely on *Lanni* to argue that the relevant rate is the one that applies to Attorney Valantassis's level of experience at the time the fee petition was filed, not when he performed some of the work on the case.  (Reply 7-8, ECF No. 27).  Defendants have not directed the Court to any case law to the contrary.

The Court will look to the CLS Schedule's rate for new attorneys, not law students, to assess a reasonable rate for Attorney Valantassis.  The CLS Schedule indicates a rate of $165 to $190 per hour for attorneys who have accrued less than two years of experience since law school.  *See* CLS Attorney Fees, available at: http://clsphila.org/about-cls/attorney-fees (last visited June 6, 2014).  Based on this schedule, the attorney affidavits, and the other factors set forth by Plaintiffs above, the Court finds that the proposed $175-per-hour rate for Attorney Valantassis is reasonable.

### B.     Hours Expended

In their initial Motion, Reply, and Supplemental Reply, Plaintiffs claim that their attorneys incurred the following hours of billable work in connection with this case:

- Attorney Berney: 89.2 hours
- Attorney Mahle: 2.3 hours
- Attorney Valantassis: 6.2 hours
- Attorney Wentz: 16.9 hours

Defendants object to the time sheets of Plaintiffs' attorneys on the grounds that: (1) Plaintiffs' counsel spent excessive time on pleadings, discovery, and motions; (2) Plaintiffs' counsel recorded non-reimbursable paralegal, clerical, and overhead costs; and (3) Plaintiffs are

not entitled to full reimbursement for time spent on the state-law breach-of-contract claims.

In fashioning an award of attorney's fees, the "prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case[.]" *Interfaith Cmty. Org.*, 426 F.3d at 711.  "Hours that would not generally be billed to one's own client are not properly billed to an adversary." *Pub. Interest Research Group of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995).  Thus, in reviewing a fee petition, the Court must determine "whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org.*, 426 F.3d at 711 (internal quotations and citation omitted).  In reviewing these charges, the Court cannot reduce an award *sua sponte*, but "only in response to specific objections made by the opposing party." *Id.*

Compensable activities include the preparation of filing the lawsuit, legal research, attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail, and travel. *See City of Riverside v. Rivera*, 477 U.S. 561, 573 n.6 (1986).  In addition, time spent drafting and litigating a fee petition is compensable. *Planned Parenthood v. Attorney General of the State of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002).

### 1. Excessive time

Defendant claims that Attorneys Berney and Wentz spent an excessive amount of time on a number of tasks in the course of litigating this case. (Resp. 13-14, ECF No. 26).  In particular, Defendant argues that an attorney as experienced as Attorney Berney should not have spent 9.5 hours conducting legal research on the motion to sever, and traveling to and from the law library to do so.  (*Id.*)  Defendant also contends that it was excessive for Attorney Berney to spend 3.2

hours preparing for a deposition that lasted only two hours and twenty minutes. (*Id.*) With respect to Attorney Wentz's time sheets, Defendant claims that 8.6 hours to prepare a response in opposition to the motion to sever was excessive; according to Defendant, the research and writing could have been in half that time. (*Id.* at 16, ECF No. 26). Defendant objects to a number of additional entries on the ground that the time spent was excessive, but Defendant does not provide any specific argument in support of these objections.

The Court has reviewed the time sheets of Attorneys Berney and Wentz and finds that most of the challenged entries are not excessive. First, concerning the 3.2 hours that Attorney Berney spent preparing for a two-hour deposition, the Court finds that the preparation time, while greater than the length of the hearing itself, was reasonably approximate to the length of the hearing. *See Elizabeth S. v. School Dist. of Phila*, No. 11-1570, 2012 WL 2469547, at *3 (E.D. Pa. Jun. 28, 2012) ("Courts have generally recognized that the preparation time for a hearing should be considered relative to the length of the hearing itself."). Second, the Court disagrees that 8.6 hours is an excessive amount of time to spend on the opposition to Defendant's motion to sever, given that Attorney Wentz's time sheet included a number of different tasks such as researching case law and the federal rules, drafting and editing the memorandum, and consulting with Attorney Berney.

The Court agrees with Defendant, however, that Attorney Berney should not be reimbursed for the full 9.5 hours of time he took to conduct research at the law library on the motion to sever. Included in the 9.5 hours is the time Attorney Berney took to travel to and from the law library to locate a treatise relied upon by Defendant in its motion. (Pet. Exh. B, ECF No. 25). The Court finds that he could have obtained the treatise (Moore's Federal Practice) through

less expensive means, such as a courier or support staff. Therefore, the Court will deduct one hour of time from the requested amount for this task.

Finally, the Court has reviewed the other entries that Defendant challenges and finds that the amount of time spent was not excessive.[6]

### 2. Non-reimbursable Costs

Defendant next objects to the incorporation of clerical and paralegal work into Attorney Berney's fees. "[T]he costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as office overhead, they will not be compensated." *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003); *see also Halderman by Halderman v. Pennhurst State School & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995) ("[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable."). However, paralegal work, if performed by an attorney, can be billed at paralegal rates. *See T.B. v. Mount Laurel Bd. Of Ed.*, No. 09-4780, 2012 WL 1079088, at *4-5 (D.N.J. Mar. 30, 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 285-88 (1989)).

Upon review, it appears that Attorney Berney's time sheets include time spent corresponding by email and telephone with a court reporter regarding depositions. (Mot. Exh. B, ECF No. 25; Resp. 17-26, ECF No. 26). These tasks, which account for .7 hours of billed time,

---

[6] Defendant does not challenge as excessive the time that Plaintiffs' counsel spent preparing the Complaint, Fee Petition, or Reply in this matter. In the absence of a specific objection, the Court may not decrease Plaintiff's requested amount. *See Melissa G. v. School Dist. of Philadelphia,* 2008 WL 160613, 2 (E.D. Pa.) (E.D. Pa. 2008) ("The party opposing the award of attorney's fees must identify the portion of the fee request being challenged and state the reason for his challenge; a court may not decrease attorney's fees sua sponte.") (citing *Bell v. United Princeton Properties*, 884 F.2d 713, 715, 720 (3d Cir. 1989)).

were clerical in nature and thus not compensable.[7] It appears that Attorney Berney also performed certain tasks that were of a paralegal nature. For example, he spoke with the federal court regarding filing requirements, "arranged" for filing the complaint, "finalized" exhibits attached to the complaint, drafted a letter to Defendant concerning service of the complaint, and prepared deposition notices. (*Id.*) In sum, the Court identifies 2.5 hours of tasks that could have been performed by a paralegal.[8] The Court will apply a rate of $90 per hour, the middle of the CLS Schedule's range for a paralegal, to these tasks. The Court finds that the remaining tasks

---

[7] These clerical tasks include:

- 3/21/12 – Email to court reporter re depositions (.1 hours)
- 4/2/12 – Reviewing and responding to email from court reporter re depositions . . . (.1 hours)
- 4/18/12 – Reviewing and responding to email from court reporter re upcoming depositions (.1 hours)
- 5/25/12 – t/c with court reporter re deposition (.3 hours)
- 8/27/12 – t/c with court reporter re Michael Davis, Esquite deposition (.1 hours)

(Mot. Exh. B, ECF No. 25).

[8] These paralegal tasks include:

- 1/5/12 – Arranging for filing of complaint and finalizing exhibits to attach to complaint (.4 hours)
- 1/24/12 – t/c to federal court re filing requirements, finalizing complaint, drafting a (1) Notice of Lawsuit and Requests for Waiver of Service of Summons, (2) Waivers of Service of Summons; ltr to General Counsel's office and coordinating for service of amended complaint (1.5 hours)
- 3/21/12 – Revising notices of deposition and email to Miles Shore, Esquire (.2 hours)
- 3/28/12 – Drafting additional notice of deposition and email to Miles Shore, Esquire (.2 hours)
- 5/16/12 – Preparing notices of deposition for Kim Caputo and for Darcy McQuoid and email to Miles Shore, Esquire re same (.2)

(Mot. Exh. B, ECF No. 25).

that Defendant challenges, such as reviewing court orders and other ECF filings, were reasonably performed by an attorney.

### 3. Breach of Contract Claim

Defendant next argues that Plaintiffs are not entitled to reimbursement for time spent on the state-law breach-of-contract claim. Defendant contends that, while fees are statutorily authorized for Plaintiff's IDEA claim, fees are not recoverable under state law. Defendant claims that "[a]ll of the pretrial discovery taken by plaintiffs, including Mr. Davis's deposition and the motion to strike objections to requests for admissions, was conducted to prove the state law claim for breach of contract." (*Id.* at 19-20, ECF No. 26). Accordingly, Defendant asks the Court to reduce Plaintiffs' fees by fifty percent. In response, Plaintiffs contend that a reduction is not warranted because their federal and state law claims were inextricably intertwined.

The Court will not reduce Plaintiffs' fee award by fifty percent. In support of its position, Defendant relies on special education cases in which courts have reduced fee awards based on the plaintiff's limited degree of success. (Resp. 18-19, ECF No. 26). Unlike the plaintiffs in those cases, however, Plaintiffs here did not succeed on one cause of action, but lose on the other; rather, as Plaintiffs explain, their IDEA and breach-of-contract claims — both of which were premised entirely on the Defendant's breach of the fees provision in the resolution agreement — were inextricably intertwined. The Court is unconvinced by Defendant's argument that Plaintiff's counsel performed tasks in furtherance of one cause of action but not the other. Defendant has not directed the Court to any authority in support of its position that Plaintiff's statutory fee award should be cut in half because, in theory, "half" of counsel's work on the case was in furtherance of an overlapping state common-law claim.

### C. Defendant's Financial Condition

Defendant argues that the Court should reduce the lodestar by an additional 15% due to the severely distressed financial condition of the School District. The Third Circuit has not addressed this question in the context of awarding fees under the IDEA. It has, however, held, in analyzing fees under 42 U.S.C. § 1988, that while "special circumstances may be taken into account to reduce an otherwise reasonable attorney's fee award[,] . . . the losing party's financial ability to pay is not a special circumstance, whether that party is a public or private agency." *Inmates of Allegheny Ct'y Jail v. Pierce*, 716 F.2d 177, 180 (3d Cir. 1983) (internal quotation marks and citation omitted); *see also Graziano v. Harrison*, 950 F.2d 107, 114 n.13 (3d Cir. 1991) (citing *Inmates of Allegheny Ct'y Jail* for proposition that the inability of a losing party to pay the attorney's fee is not a relevant consideration); *Child Evangelism Fellowship of N.J., Inc. v. Stafford Twp. School Dist.*, No. 02-4549, 2006 U.S. Dist. LEXIS 62966, at * 87 (D.N.J. Sept. 5, 2006) (declining to reduce a fee award in § 1988 case to account for a school district's financial status because a losing party's financial ability to pay is not a special circumstance or relevant consideration in determining an award of fees).

District Courts in this Circuit have thus rejected the School District's request in IDEA cases for a reduction in an otherwise reasonable attorney's fee award based on its distressed financial condition. *See, e.g., M.M. v. School Dist. of Phila.*, No. 11-4482, 2012 U.S. Dist. LEXIS 85640 (Mar. 24, 2013) (rejecting School District's request to reduce the lodestar based on its financial condition because the Third Circuit has held that the losing party's ability to pay is not a relevant consideration in determining a fee award under § 1988); *P.D. v. School Dist. of Phila.*, No. 07-713 (E.D. Pa. Jun. 28, 2007) (Pls. Reply, Exh. C, ECF No. 27) (same); *P.N. v.*

14

*Clementon Bd. of Educ.*, No. 02-1351, 2007 U.S. Dist. LEXIS 29289, at *18 (D.N.J. Apr. 19, 2007) (same).

This authority notwithstanding, Defendant maintains that "[t]he financial condition of the non-prevailing party in § 1988 cases is a factor that courts may consider when determining the amount of an award for attorney's fees." (Resp. 21, ECF No. 26). In support of this position, Defendant relies on *Alizadeh v. Safeway Stores*, 910 F.2d 234, 238 (5th Cir. 1990), and *Hughes v. Repko*, 578 F.2d 483, 488 (3d Cir. 1978). As Judge Davis explained when the School District made this argument in *M.M. v. School Dist.,* however, neither of these cases directly supports Defendant's proposition:

> Defendant cites the cases *Alizadeh v. Safeway Stores*, 910 F.2d 234 (5th Cir. 1990) and *Hughes v. Repko*, 578 F.2d 483 (3d Cir. 1978) in support of the proposition that, "[t]he financial condition of the non-prevailing party in 1988 cases is a factor that courts may consider when determining the amount of an award for attorney's fees." Neither of the cases directly support Defendant's proposition. In *Alizadeh*, the Fifth Circuit held that "the financial condition of a nonprevailing plaintiff charged with attorneys' fees under section 1988 is a factor that . . . a court should consider when fixing the amount of such an award." *Alizadeh*, 910 F.2d at 239. The Court further clarified, "Nor do we now address whether or under what circumstances a nonprevailing defendant's financial condition may be weighed in charging that party with attorneys' fees under section 1988." *Id.* at 239 n.8. Because the instant matter deals with a nonprevailing defendant, we do not find *Alizadeh* persuasive. Similarly, in *Hughes v. Repko*, the Third Circuit stated, "[W]e express no opinion on whether, or in what manner, a court may take into account ability to pay in exercising its discretion to award a reasonable attorney's fee under the Act," and declined to address the issue. *Hughes*, 578 F.2d at 488.

*M.M.*, 2012 U.S. Dist. LEXIS 85640, at *22-23 (citations to record omitted).

Defendant also relies on *Barrett v. West Chester Univ.*, No. 03-4978, 2006 WL 859714 (E.D. Pa. Mar. 31, 2006) in support of its position. In that case, West Chester University was found to have violated Title IX in terminating its women's gymnastics program. *Id.* at *1-2. In

15

adjudicating the fee petition under § 1988, the court noted that West Chester University is a public university with limited funds, and that the award of attorney's fees would affect not only the taxpayers of Pennsylvania, but also the students. *Id.* at *17-18. Citing its responsibility to ensure that taxpayers are required to reimburse prevailing parties for only necessary fees, the court reduced plaintiff's attorney's fee award by 15% based upon the financial condition of the University. *Id.*

The Court finds the more recent decisions in *M.M. v. School Dist.* and *P.D. v. School Dist.* more persuasive than *Barrett*. The *Barrett* case concerned a fee application seeking fees in excess of $200,000. The *Barrett* court wished to avoid providing a windfall to a private law firm, at the expense of taxpayers and public university students. In the present case, this Court has given careful consideration to the rates to be assessed, and has carefully evaluated the Defendant's arguments concerning excessive or unnecessary time entries. Considering the totality of circumstances presented here, this Court simply cannot conclude that the possibility of a "windfall" that was present in the *Barrett* case is present here.

Although the Court is sympathetic to Defendant's financial condition, many defendants in IDEA cases are public entities facing significant budgetary concerns like Defendant here, and Congress did not include any language in the IDEA to suggest that courts should take into account such budgetary concerns when fashioning an attorney's fees award. Accordingly, the Court declines to reduce the lodestar based on Defendant's financial condition.

    **D.    Costs**

Plaintiffs seek reimbursement for the following costs: (1) $350 for the federal court filing fee; (2) $427.50 for transcripts of the deposition of Michael A. Davis; and (3) $22.50 for courier

services for filing and serving documents.  (Memo. of Law 27, ECF No. 25).

Defendant argues that Plaintiffs are not entitled to reimbursement for the cost of the transcript of the deposition of Michael A. Davis, General Counsel of the School District ($427.50), because it was not "necessarily obtained for use in the case" under the Judicial Code, 28 U.S.C. § 1920(2); s*ee Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (explaining that costs awarded under Fed. R. Civ. P. 54(d)(1) are limited by those enumerated in 28 U.S.C. § 1920).  In response, Plaintiffs claim that the deposition was necessary because payment of attorney's fees typically comes from Defendant's general counsel's office, and Defendant had denied most of the allegations in the Complaint regarding the disputed attorney's fees.  The Court agrees with Plaintiffs that it was reasonable for them to depose Mr. Davis in preparation for trial in this case.  *See, e.g.*, *In re Kulicke & Soffa Indus., Inc. Securities Litig.*, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) (determining that deposition transcripts were necessary in order for defendant to respond to plaintiff's pre-trial motions and prepare for trial).  Therefore, the Court will allow reimbursement for this expense.

Defendant also argues that Plaintiffs are not entitled to reimbursement for courier services for filing and serving documents ($22.50).  The Court agrees and will not allow reimbursement for this expense.  *See Elizabeth S.*, 2012 WL 2469547, at *6 (recognizing that the Third Circuit disallows costs for courier fees) (citing *Matter of Penn Central Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980)).

## VI.   CONCLUSION

As set forth above, the Court calculates the attorney's fees award as follows:

| Attorney | Hours Claimed | Adjustments | Rate | Amount |
|---|---|---|---|---|
| Attorney Berney | 89.2 | | $350 | $31,220 |
| | | – .7 clerical | $350 | – $245 |
| | | – 1 library travel | $350 | – $350 |
| | | – 2.5 paralegal | $350 | – $875 |
| | | + 2.5 paralegal | $90 | + $225 |
| | | | | $29,975.00 |
| Attorney Mahle | 2.3 | | $255 | $586.50 |
| Attorney Valantassis | 6.2 | | $175 | $1,085.00 |
| Attorney Wentz | 16.9 | | $270 | $4,563.00 |
| **TOTAL FEES:** | | | | **$36,209.50** |

The Court grants in part Plaintiffs' Motion for Attorney's Fees and Costs, and awards $36,209.50 in fees and $777.50 in costs to Plaintiffs.

An appropriate Order follows.

                                                BY THE COURT:

                                                  /s/ Lynne A. Sitarski
                                                LYNNE A. SITARSKI
                                                UNITED STATES MAGISTRATE JUDGE